**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| KP Innovations 2, LLC, <br><br> Plaintiff, <br><br> v. <br><br> Samsung Electronics Co., Ltd. And Samsung Electronics America Inc., <br><br> Defendants. | Case No.: 1:24-cv-00170 <br><br> **COMPLAINT AND JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff KP Innovations 2, LLC, ("KP2" or "Plaintiff") files this Complaint for Patent Infringement against Defendants Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America, Inc. ("SEA") (collectively "Defendants") and states as follows:

**NATURE OF THE ACTION**

1.      This is a civil action for patent infringement arising under the United States Patent Act, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. § 271.

2.      KP2 is the owner of all rights, title, and interest in United States Patent No. 10,499,168 (the "'168 patent" or the "Asserted Patent"), attached as Exhibit A.

3.      Defendants have infringed and continue to infringe one or more claims of the '168 patent by making, using, importing, offering to sell, and selling certain products and services within the United States, including this judicial District.  KP2 seeks to recover monetary damages, attorneys' fees, and costs.

**PARTIES**

4.      KP2 is a limited liability corporation organized and existing under the laws of the State of Texas, with an address of 7600 Chevy Chase Drive, Suite 300, Austin, Texas 78752.

5.      KP2 is the true and correct owner of the '168 patent and holds all rights, title and interest in the '981 patent, including the exclusive right to recover for past infringement.

6.      KP2 has never made or sold a patented device.

7.      On information and belief, Defendant Samsung Electronics Co. Ltd. ("SEC") is a corporation organized under the laws of the Republic of Korea, with a principal place of business at 129, Samsung-ro, Maetan-3dong, Yeongtong-gu, Suwon-si, Gyeonggi-do, 443-742 South Korea.

8.      On information and belief, Defendant Samsung Electronics America, Inc. ("SEA") is a wholly owned subsidiary of SEC and is a limited liability company organized under the laws of New York, with a principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660.  SEA is authorized to do business in Texas by the Texas Secretary of State, and has designated CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201, as its representative to accept service of process within the State of Texas.

9.      On information and belief, Defendant SEC has a subsidiary, Samsung Semiconductor, Inc. ("SSI"), that has a manufacturing center, "Samsung Austin Semiconductor," located in Austin, Texas.

10.     Joinder is proper under 35 U.S.C. § 299 where the allegations of infringement asserted against Defendants SEC and SEA jointly, severally, or in the alternative, arise, at least in part, out of the same series of transactions or occurrences relating to Defendants' manufacture, use, sale, offer for sale, and importation of the same accused products.

11.     On information and belief, Defendants are part of the same corporate family of companies, and the infringement allegations arise at least in part from Defendants' collective

activities with respect to Defendants' accused products. Questions of fact relevant to both SEC and SEA will arise in the action, including questions relating to the structure and operation of the accused products and Defendants' infringing acts.

**JURISDICTION AND VENUE**

12.    This is an action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, over which this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

13.    This Court has both general and specific jurisdiction over Defendants because Defendants have committed acts within this judicial District giving rise to this action and have established minimum contacts with this forum such that the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice. Defendants, directly and through subsidiaries and intermediaries (including distributors, retailers, franchisees, and others), have committed and continue to commit acts of patent infringement in this judicial District, by, among other things, making, using, testing, selling, licensing, importing and/or offering for sale/licensing products and services that infringe the '168 patent.

14.    The Court has personal jurisdiction over Defendants for at least the following reasons: (1) Defendants have committed acts of patent infringement in this judicial District and elsewhere in Texas; (2) Defendants regularly do business or solicit business in this judicial District and in Texas, including through their wholly-owned subsidiaries; (3) Defendants engage in other persistent courses of conduct and derive substantial revenue from products and/or services provided to individuals in this judicial District and in Texas.

15.    SEC maintains its Samsung Austin Research and Development Center at 3900 North Capital of Texas Highway, Austin, Texas, which is within this judicial District.

16. Samsung Austin Semiconductor LLC, a wholly owned subsidiary of SEC and a Delaware limited liability company, employs over 4,500 people in this judicial District. SEC made an estimated $17 billion investment in Taylor, Texas, also located in this judicial District, and this Samsung production facility will manufacture products based on advanced process technologies for application in areas such as mobile, 5G, high-performance computing (HPC), and artificial intelligence (AI).

17. Defendants have purposefully established substantial, systematic, and continuous contacts with this judicial District, including the physical location of SEC's subsidiary, SSI, in this judicial District of Texas at 12100 Samsung Blvd., Austin, Texas 78754; (6) SEA has been authorized to do business in the State of Texas by the Texas Secretary of State.

18. University of Texas received $2.7 million contribution from Samsung Electronics to support research and development projects related to the semiconductor industry and $1 million from Samsung Austin Semiconductor.

19. Samsung's products are offered for sale through numerous mobile carriers in this judicial District, including but not limited to:

- Verizon stores located at 3718 North Lamar Blvd., Austin, TX 78705; 1011 East 5th Street, Suite 140, Austin, TX 78702; and 6929 Airport Blvd., Suite 109, Austin, TX 78752.

- AT&T Stores located at 1000 East 5th Street, Suite 102, Austin, TX 78702; 601 West Oltorf Street, Austin, TX 78704; and 1920 East Riverside Drive, Suite 100, Austin, TX 78741.

20. Samsung has committed and continues to commit acts of infringement in this judicial District directly and through third parties by, among other things, making, selling, advertising, offering for sale, distributing, and/or importing products that infringe the Asserted Patent.

4

21.    Defendant SEC is a foreign entity such that the venue is proper in any District within the United States.

22.    Venue is proper in this judicial District under 28 U.S.C. §§ 1391(b)-(d) and 1400(b).

23.    On information and belief, Defendants have at least hundreds of employees within this judicial District. On information and belief, third-party witnesses with knowledge regarding the functionality of the accused products reside within this judicial District.

24.    Defendants have committed tortious acts within Texas and within this judicial District, and the cause of action set forth in this Complaint arises from those acts. Defendants develop, manufacture, import, distribute, and sell mobile telephone and computing products that infringe the Asserted Patent, which are, and have been imported, offered for sale, sold (directly or through Defendants' online store and distribution network), purchased, and used in Texas and within this judicial District. Defendants also place infringing products within the stream of commerce, with the knowledge and/or understanding that such infringing products will be sold and/or used in Texas and in this judicial District.

**U.S. PATENT NO. 10,499,168**

25.    This is an action for patent infringement of the '168 patent, a copy of which is attached as Exhibit A.

26.    On December 3, 2019, United States Patent No. 10,499,168, titled "System, Method, and Apparatus for Providing Interpretive Communication on a Network," was issued to Mr. Robert Glen Klinefelter and Mr. Gregory A. Piccionelli, with assignment ultimately to KP2. KP2 is the owner by assignment of the entire right, title, and interest in and to the '168 patent.

27.     The '168 patent issued subject to a term extended or adjusted under 35 U.S.C. 154(b) by 852 days.

28.     The inventors of the '168 patent formed the company that eventually became KP Innovations 2, LLC to protect their invention.

29.     The '168 patent is a divisional patent application of U.S. Patent No. 7,792,676 filed on October 25, 2001.

30.     Given today's nearly universal adoption of smartphones with large displays and multiple cameras, it is difficult to recall how cellular phones were in their infancy. Back then, device manufacturers, software companies, and cellular service providers were all focused on making a cellular phone that mimicked a traditional phone.

31.     The inventors of the '168 patent formed the company that eventually became KP2 to protect their invention, but the process of acquiring the '168 patent took so long that Mr. Robert Klinefelter, one of the two inventors, has passed away.

32.     On October 25, 2000, Mr. Robert Klinefelter and Mr. Gregory Piccionelli filed provisional patent application, 60/243,162 (attached as Exhibit B). The provisional application described a device having two cameras and two displays for providing interpretive communication on a network: an "**Internet-capable cellular phone, or similar handheld device**, capable of receiving, accessing, displaying, and broadcasting …, such as by flat screen monitor and speaker…." Exh. B p.22: 18-22.

33.     Accordingly, Figure 3 of the '168 patent shows a smartphone with two cameras and two displays (view screens):



FIG. 3

### SAMSUNG'S INFRINGING PRODUCTS AND ACTIVITIES

34.    All Smartphones imported, made, sold, or used in the United States by Defendants during the damages period (Patent Issue Date: December 13, 2019 – Patent Expiration Date: February 24, 2024) that include a first camera and display on a first side and a second camera and display on a second side accessible from the first side, infringe the '168 patent (Accused Products).

35.    Defendants' infringing Accused Products include at least Galaxy Z Fold, Galaxy Z Flip, Galaxy Z Fold2, Galaxy Z Flip2, Galaxy Z fold3, Galaxy Z flip3, Galaxy Z fold4, Galaxy Z flip4, Galaxy Z Fold5, Galaxy Z Flip5.

### COUNT I: INFRINGEMENT OF U.S. PATENT NO. 10,499,168

36.    Plaintiff restates, realleges, and incorporates by reference each and every allegation set forth in Paragraphs 1 – 35 of this Complaint.

37.     Defendants have directly infringed and continue to infringe claim 21 of the '168 patent in violation of 35 U.S.C. § 271 *et seq.*, by making, using, offering for sale, selling in the United States, and/or importing into the United States without authority or license the Accused Products.

38.     The Accused Products meet all the limitations of dependent claim 21 that includes the claim limitations from which it depends, claims 18 and 19.

39.     Specifically, claim 21 includes claim limitations of claims 18-19 of the '168 patent and recites:

*18.     A communication service device operable with a communication network, comprising:*

*at least one user communication device configured to receive and transmit information over the communication network;*

*the at least one user communication device comprising a housing having a first side and a second side, at least one first input device and first display device configured to allow the at least one user to input and output visual information wherein the at least one first input device and first display device resides on the first side of the housing, at least one second input device configured to input visual information wherein the at least one second input device resides on the second side of the housing;*

*wherein the first and second input devices and first display devices are carried by the housing in an orientation to allow the at least one user to access the at least one first input device and first display device from the first side of the housing at the same time as the at least one second input device from the second side of the housing.*

*19. The communication service device as claimed in claim 18, wherein the first side of the housing and the second side of the housing face mutually opposite directions.*

*21. The communication services device as claimed in claim 19 includes, a second display device residing on the second side of the housing.*

8

40. Plaintiff has identified the infringing claim elements from selected pages from the example Accused Products Galaxy Z Fold5, Z Flip5 manual, **SAM_F946_F731_EN_UM_TN_WG3_072723_FINAL** (Exh. C) and **Samsung Galaxy Flip5-Common Camera Settings** (Exh. D), downloaded from the Samsung website.

41. Upon information and belief, a non-limiting and exemplary claim chart for claim 21 of the '168 patent and the example Accused Products Galaxy Z Fold5 and Galaxy Z Flip5 establish that the Galaxy Z Fold5 and Galaxy Z Flip5 practice each and every claim element:

| U.S. Patent 10,499,168 | Samsung Galaxy Z Fold5, Z Flip5 Manual (SAM_F946_F731_EN_UM_TN_WG3_072723_FINAL) and (Samsung Galaxy Flip5 – Common Camera Settings) |
| --- | --- |
| 18. A communication service device operable with a communication network, comprising: | "Connections<br><br>Manage connections between your device and a variety of networks and other devices."<br>(Manual, p.117)<br><br>"Mobile networks<br><br>Use Mobile networks to configure your device's ability to connect to mobile networks and use mobile data. Options may vary by service provider."<br>(Manual, p.122) |
| at least one user communication device configured to receive and transmit information over the communication network; | "Connections<br><br>Manage connections between your device and a variety of networks and other devices."<br>(Manual, p.117)<br><br>"Mobile networks<br>Use Mobile networks to configure your device's ability to connect to mobile networks and use mobile data. Options may vary by service provider."<br>(Manual, p.122) |

| | |
|---|---|
| the at least one user communication device comprising a housing having a first side and a second side, at least one first input device and first display device configured to allow the at least one user to input and output visual information wherein the at least one first input device and first display device resides on the first side of the housing, at least one second input device configured to input visual information wherein the at least one second input device resides on the second side of the housing; | \n\n(Manual, p.6) |



Folded



Cover screen

(Manual, p.8)

[In the pictures of Z Fold 5 above, one side has a "cover camera" on a first side of the open housing along with a cover screen display.  On the other side, there is an "under display camera" along with another display.]



(Manual, p.10)

(Manual, p.12)

| | [In the pictures of Z Flip 5 above, a rear camer and cover screen display is shown along with a front camera and front display.] |
|---|---|
| wherein the first and second input devices and first display are carried by the housing in an orientation to allow the at least one user to access the at least one first input device and first display device from the first side of the housing at the same time as the at least one second input device from the second side of the housing. | <br><br>(Manual, p.56)<br><br> |

| | |
|---|---|
| | (Manual, p.57)<br><br>"To quickly switch between the front and rear cameras, swipe the screen up or down."<br><br>(Manual, p.57)<br><br>[Both the Z Flip and Z fold have a button identified for switching cameras, that button enables access to one of the cameras when the other is operating at the same time to switch between the cameras.]<br><br>"Director's view": Access advanced features such as lock onto a subject change between different rear camera lenses, and more."<br>(Manual, p.58)<br><br>"DIRECTOR'S VIEW: Preview all lenses, record with the front and rear cameras at the same time."<br><br>(Samsung Galaxy Z Flip5 – Common Camera Settings HTTPS://www.verizon.com/support/knowledge-base-305002/) |

19.     The communication service device as claimed in claim 18, wherein the first side of the housing and the second side of the housing face mutually opposite directions.



(Manual, p.5)

(Manual, p.10)

15

21. The communication services device as claimed in claim 19 includes, a second display device residing on the second side of the housing.



(Manual, p.5)

(Manual, p.10)

| | "Make photo shots more interactive by turning on dual preview.  The camera preview displays on both the cover screen and main screen so that both the photographer and subject are able to preview the camera screen while taking photos."<br><br>(Manual, p.59) |
|---|---|

42.     Similar to the example Accused Products (Galaxy Z Flip5 and Galaxy Z Fold5) identified in Paragraph 36, upon information and belief, all the Accused Products include all of the elements of at least Claim 21.

43.     The Accused Products with a first camera and a first display on a first side of a housing and a second camera and a second display on the second side of the housing also infringe claim 21, including the galaxy Z flip 5 and Z fold 5.

44.     Plaintiff attaches claim charts illustrating some examples of Accused Products infringing dependent claim 21 in Exhs. E-I and incorporates them by reference herein.  Plaintiff reserves the right to modify the claim charts for claim 21 elements provided in this complaint or its exhibits, including, for example, based on additional information learned about the Accused Products obtained during future discovery.

45.     By engaging in the conduct described herein, Defendants have injured Plaintiff and are thus liable for infringement of the '168 Patent, pursuant to 35 U.S.C. § 271.

46.     Defendants have committed these acts of infringement without license or authorization.

47.     As a result of Defendants' infringement of the '168 Patent, Plaintiff has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendants' past infringement, together with interests and costs.

48. Plaintiff reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by the claim charts that it provides with this Complaint. The claim charts depicted in Exhs. E-I are intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure and do not represent Plaintiff's preliminary or final infringement contentions or preliminary or final claim construction positions.

**DAMAGES**

49. Plaintiff seeks to recover damages from the date of issuance of the '168 patent, which is less than six years prior to the filing of this Complaint pursuant to 35 U.S.C. § 286.

50. Defendant makes, uses, sells, offers for sale and/or imports the Accused Products, which practice claim 21 of the '168 patent.

51. In violation of 35 U.S.C. § 271, Defendant is now, and has been, directly infringing the '168 patent, including through its use, testing, sale and offering for sale the Accused Products.

52. By engaging in the conduct described in this Complaint, Defendant has injured Preferred Utilities and is thus liable for infringement of the '168 patent, pursuant to 35 U.S.C. § 271.

53. Defendant has committed these acts of infringement without license or authorization.

54. As a result of Defendant's infringement of the '168 patent, Plaintiff has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

**JURY DEMAND**

Plaintiff demands a trial by jury on all claims and issues.

**REQUEST FOR RELIEF**

Plaintiff   moves this Honorable Court for judgment to be entered in its favor and against Defendant, Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc., and for the following relief:

a.      That Judgment be entered that Defendant has infringed one or more claims of the '168 Patent;

b.      An award of damages pursuant to 35 U.S.C. § 284, sufficient to compensate Plaintiff for the Defendant's past infringement and any continuing or future infringement;

c.      An assessment of pre-judgment and post-judgment interest and costs against Defendant, together with an award of such interest and costs, in accordance with 35 U.S.C. § 284;

d.      That Defendant be directed to pay enhanced damages, including Plaintiff's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. § 285; and

e.      That Plaintiff be granted such other and further relief as this Court may deem just and proper.

19

February 19, 2024                    Respectfully submitted,

/s/ *Robert Hart*

Robert Hart
Texas Bar No. 24062399
ADDYHART P.C.
2025 Guadalupe Street
Suite 260
Austin, TX 78705
949.337.0568
robert@addyhart.com

Meredith M. Addy (*pro hac vice* forthcoming)
ADDYHART P.C.
10 Glenlake Parkway, Suite 130
Atlanta, Georgia 30328
312.320.4200
meredith@addyhart.com

Brandon C. Helms (*pro hac vice* forthcoming)
Gregory B. Gulliver (*pro hac vice* forthcoming)
ADDYHART P.C.
401 North Michigan Avenue
Suite 1200-1
Chicago, Illinois 60611
949) 337-0568
bhelms@addyhart.com

*Attorneys For Plaintiff KP2, LLC*

20